UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS FIGUEROA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05778 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## TEMPORARY RESTRAINING ORDER

The petitioner, Jose Luis Figueroa, is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order.

### A. Background

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of Honduras. He fled Honduras to escape threats of violence. He entered the United States on or about January 1, 2010.

On October 18, 2025, the petitioner was taken into custody during a traffic stop. He has no criminal record. He is scheduled to appear before an Immigration Judge on December 11, 2025, but is not currently under a final order of removal. He intends to file an application for asylum.

### I. Legal Standards

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs

the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

##### II. Analysis

###### A. Likelihood of Success on the Merits

The petitioner asserts facts showing that he is not under a final removal order and that his detention is therefore unlawful. 8 C.F.R. §1003.6; *Zadvydas v. Davis*, 533 U.S. 678 (2001). He therefore demonstrates a likelihood of success on the merits of his petition.

###### B. Irreparable Harm

The Petitioner's continued detention irreparably deprives him of his liberty and exposes him to adverse medical consequences. The petitioner demonstrates that his continued unlawful detention constitutes irreparable harm. *See id.* at 690.

###### C. Relative Injury

Maintaining the status quo pending resolution of the petitioner's request for a preliminary injunction causes only *de minimis*, if any, injury, to the respondents. This factor lands in favor of the petitioner.

###### D. Public Interest

Maintaining the status quo to allow for full and fair adjudication of the petitioner's claims serves the public interest. If the Court ultimately determines that the petitioner is subject to removal, the government can carry out that removal at a later date. There is no reason to believe

that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

The respondent faces no financial harm from compliance with this order. The Court therefore waives any requirement that the petitioner post security.

### III. Order

It is hereby ORDERED as follows:

1. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the United States while this temporary restraining order remains in effect;

3. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect; and

4. This order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

This temporary restraining order is entered on December 4, 2025 at 4:55 p.m. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on December 4, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge