Case 4:25-cv-05778   Document 11   Filed on 12/15/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS FIGUEROA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05778 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER GRANTING PRELIMINARY INJUNCTION

The petitioner, Jose Luis Figueroa, is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order.

### A.     Background

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of Honduras. He fled Honduras to escape threats of violence. He entered the United States on or about January 1, 2010.

On October 18, 2025, the petitioner was taken into custody during a traffic stop. He has no criminal record. He is scheduled to appear before an Immigration Judge on December 11, 2025, but is not currently under a final order of removal. He intends to file an application for asylum.

### B. Legal Standards

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

### I. Analysis

#### A. Likelihood of Success on the Merits

The petitioner asserts facts showing that he is not under a final removal order and that his detention is therefore unlawful. 8 C.F.R. §1003.6; *Zadvydas v. Davis*, 533 U.S. 678 (2001). He therefore demonstrates a likelihood of success on the merits of his petition.

#### B. Irreparable Harm

The Petitioner's continued detention irreparably deprives him of his liberty. The petitioner demonstrates that his continued unlawful detention constitutes irreparable harm. *See id.* at 690.

### C. Relative Injury

As noted above, the petitioner suffers grave and irreparable harm from his continued detention. His release from custody with certain conditions guaranteeing his continued compliance with legal requirements, however, causes only *de minimis*, if any, injury, to the respondents.

### D. Public Interest

If the Court ultimately determines that the petitioner is subject to removal, the government can carry out that removal at a later date. There is no reason to believe that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States. There is no public interest served by his continued detention.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Security

The respondents will not suffer any adverse financial consequences from compliance with this order even if the petition is ultimately denied. The Court therefore waives any requirement that she post security.

## II. <u>Order</u>

It is hereby ORDERED as follows:

1. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. The petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE;

3. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the United States while this injunction remains in effect;

4. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect; and

5. This order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

SIGNED on December 15, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge